**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:05-cr-00200-01

WAYNE WILSON TREADWAY,

          Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On January 4, 2010, the Defendant, Wayne Wilson Treadway, appeared in person and by counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, Assistant United States Attorney. United States Probation Officer Kenneth Sales was also present at the hearing.

On April 11, 2006, the Defendant was sentenced to a term of imprisonment of 30 months to be followed by a 3 year term of supervised release. The Defendant began serving the term of supervised release on March 26, 2008. On November 13, 2009, the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1) **Violation of special condition: The defendant shall serve a period of six-months at Transitions in Ashland, Kentucky, during which time the defendant shall participate in mental health and drug treatment.  While at Transitions, the defendant shall comply with all of the rules and regulations of that facility including compliance with directives regarding program participation**:

   On November 4, 2009, the defendant was discharged from Transitions for violations of their rules and regulations.  Violations include possession of a cell phone, falsification of employment hours, and admittedly having employer hold back wage which were not reported to Transitions.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's statement that he does not dispute the violation contained in the *Petition*.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **4 MONTHS**.  Upon release from prison, the Defendant shall be placed on supervised release for a term of **24 MONTHS**.  Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released.  While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance.  The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West

Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.  The court does not find that the defendant poses a low risk of future substance abuse.  Accordingly, the Defendant shall submit to one drug test within 15 days of release and at least two periodic drug tests thereafter as a condition of supervised release.

The Defendant shall surrender for service at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        January 4, 2010

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE